# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **OSCAR LUNA,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **No. A-22-CV-00029-RP** |
| | § | |
| **HAYS COUNTY,** | § | |
| *Defendant* | § | |
| | § | |

## ORDER AND REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE ROBERT PITMAN
      UNITED STATES DISTRICT JUDGE

The Magistrate Court submits this report and recommendation to the United States District Court pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court is Petitioner Oscar Luna's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, Dkt. 1. Luna filed a motion to proceed in forma pauperis in *Luna v. Hays County Transport*, No. A-22-CV-084-RP, 2022 WL 304983 (W.D. Tex. Feb. 2, 2022), which the undersigned granted. The Court ORDERS the Clerk to file Luna's motion to proceed in forma pauperis in that case in the instant case and allows him to proceed in forma pauperis in the instant action.

## I.      ANALYSIS

As an initial matter, the undersigned takes judicial notice of public records relating to Luna's criminal charges in Hays County. *See* Dkt. 1, at 2; Fed. R. Evid.

201(b); *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (approving judicial notice of public records by district court reviewing motion to dismiss). Luna is a pretrial detainee in the Comal County Jail, and relevant to his Petition for Writ of Habeas Corpus, has been charged in Hays County with possession of a controlled substance, methamphetamine, in Case No. CR-20-1238-B. He alleges that he has been unlawfully imprisoned, his character defamed, and that the Hays County Sheriff injured him causing a "knot on my head."  Dkt. 1, at 6-7. He seeks to: (1) clear his name; (2) have his state charges dropped; and (3) to be compensated for lost wages and the pain and suffering he has experienced from incarceration and his alleged head injury. *See* Dkt. 1, at 6-7.

Luna challenges his pretrial detainment in state custody. *See id.* A pretrial petition challenging ongoing state criminal proceedings is properly brought under 28 U.S.C. § 2241. *See Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998) (construing petition filed to seek release from pending state criminal proceedings as brought under Section 2241); *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987). Section 2241 gives the district court authority to grant a writ of habeas corpus where a state prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

A state pretrial detainee must satisfy two requirements to be entitled to raise constitutional claims in a federal habeas proceeding under 28 U.S.C. § 2241. First, the petitioner must be in custody. 28 U.S.C. § 2241(c); *Dickerson*, 816 F.2d at 224. Second, the petitioner must have exhausted his available state remedies. *Braden v.*

2

*30th Judicial Circuit Court*, 410 U.S. 484, 489 (1973); *Saucier v. Warden*, 47 F.3d 426, 1995 WL 71331, at *1 (5th Cir. 1995) (unpublished) (court cannot reach merits of petition seeking pretrial federal habeas unless state habeas remedies have been exhausted).

A fundamental prerequisite to federal habeas corpus relief is the exhaustion of all claims in state court prior to requesting federal collateral relief. *Picard v. Conner*, 404 U.S. 270, 275 (1971). The exhaustion requirement reflects federal-state comity concerns. *Id.* The district court may raise the exhaustion requirement *sua sponte. McGee v. Estelle*, 722 F.2d 1206, 1208 (5th Cir. 1984) (en banc). The exhaustion requirement demands that an applicant "fairly apprise the highest court of his state of the federal rights which were allegedly violated" and to do so "in a procedurally correct manner." *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993).

"It is well settled that a habeas petition must be dismissed if any issue has not been exhausted in the state courts." *Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir. 1990). "If the petitioner did not fairly present the substance of his claims to the state courts ... the petition must be dismissed ... so that the state courts may have a fair opportunity to determine" the claims. *Dispensa v. Lynaugh*, 847 F.2d 211, 217-18 (5th Cir. 1988). "This exhaustion rule requires the dismissal of any habeas petition that contains claims not yet raised in available state court proceedings, even if such claims are mixed with exhausted ones." *Sones v. Hargett*, 61 F.3d 410, 415 (5th Cir. 1995).

Luna admits he has not exhausted his state court remedies with regard to the issues raised in his petition. *See* Dkt. 1, at 8. State court records confirm that Luna

has not filed a state application for habeas corpus relief challenging his detention. *See* Case No. CR-20-1238-B, in the 207th District Court of Hays County, Texas. Accordingly, Luna has not yet exhausted his available state remedies, and is thus ineligible for habeas corpus relief at this time. The undersigned will recommend his petition be dismissed without prejudice to refiling should he exhaust his available state court remedies.

Luna also seeks damages for pain and suffering due to an injury to his head. Luna filed a separate civil rights complaint suing a Hays County Transport Driver in Cause No. A-22-CV-084-RP regarding this alleged injury. As a request for damages is not proper in a habeas corpus proceeding and Luna has already filed a complaint for monetary damages relating to the head injury, his claim should be dismissed without prejudice to the claim being considered in Cause No. A-22-CV-084-RP.

## II.      ORDER AND RECOMMENDATION

The Magistrate Court **RECOMMENDS** the District Court **DISMISS** Luna's Petition for Writ of Habeas Corpus without prejudice.

The referral of this case to the Magistrate Court should now be canceled.

## III.      WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).  A party's failure to file written objections to the proposed

findings and recommendations contained in this Report within fourteen days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED February 8, 2022.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATGE JUDGE